# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32646**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Aaron G. REDD**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 23 June 2021

———————————

*Military Judge:* Mark W. Milam.

*Sentence:* Sentence adjudged on 17 December 2019 by SpCM convened at Royal Air Force Lakenheath, United Kingdom. Sentence entered by military judge on 21 January 2020: Bad-conduct discharge, confinement for 5 days, reduction to E-1, and a reprimand.

*For Appellant:* Major Meghan R. Glines-Barney, USAF.

*For Appellee:* Major Kelsey Shust, USAF; Mary Ellen Payne, Esquire.

Before MINK, KEY, and MERRIAM, *Appellate Military Judges*.

Judge MERRIAM delivered the opinion of the court, in which Senior Judge MINK and Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MERRIAM, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of three specifications of assault consummated by battery, in violation of

Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] As part of a plea agreement with the convening authority, Appellant waived his right to a trial by members and requested to be tried by military judge alone. The plea agreement required that the military judge treat all three specifications of assault consummated by battery of which Appellant was convicted "as unreasonably multiplied as applied to sentence and order any confinement to be served concurrently."[2] The plea agreement imposed no other limitations on sentence. Consistent with the terms of the plea agreement, the military judge sentenced Appellant to a bad-conduct discharge, confinement for five days for each specification, to be served concurrently, reduction to E-1, and a reprimand.

Appellant asserts one assignment of error: whether Appellant is entitled to sentence relief because his case was not docketed with the Air Force Court of Criminal Appeals within 30 days of action by the convening authority. Specifically, Appellant claims that his due process rights were violated when his case was not docketed with this court within 30 days of the convening authority's action as required by *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). Finding no error that resulted in material prejudice to Appellant's substantial rights, we affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty in the United States Air Force on 5 December 2017. On or about 19 May 2019, Appellant committed three related assaults consummated by batteries on the same victim, ED. Appellant unlawfully struck ED's face with his hand, bit ED's arm with his mouth, and unlawfully touched ED's inner thigh over her clothing with his hand.

Appellant's trial adjourned on 17 December 2019 and the military judge signed the Statement of Trial Results the same day.[3] When no submission of

---

[1] All references in this opinion to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] At trial, all parties agreed that the effect of this plea agreement provision was to reduce the maximum confinement authorized from one year to six months. Additionally, all parties agreed that under this term of the plea agreement and R.C.M. 1002(d)(2)(B), segmented sentencing by a military judge alone would still occur for each of the specifications of which Appellant was convicted, but that the military judge was required to order that the sentences run concurrently.

[3] We note the Statement of Trial Results in this case failed to include the command that convened the court-martial as required by R.C.M. 1101(a)(3). Appellant has made no claim of prejudice, and we find none. *See United States v. Moody-Neukom*, No. ACM

clemency matters was received from Appellant or his counsel by the time it was due on 27 December 2019, trial counsel began to inquire with Appellant's trial defense counsel regarding whether Appellant would be submitting matters. On 3 January 2020, Appellant's trial defense counsel informed the Government that Appellant would not be submitting clemency matters. On 16 January 2020 the convening authority signed the Decision on Action memorandum, taking no action on findings or sentence. The military judge signed the entry of judgment on 21 January 2020. The court reporter certified the record of trial on 23 January 2020. On 24 February 2020, the servicing legal office in the United Kingdom mailed the record of trial to the Air Force Legal Operations Agency Military Justice Division (JAJM), located at Joint Base Andrews, Maryland. JAJM received the record on 9 March 2020 and Appellant's case was docketed with this court on 10 March 2020.

## II. DISCUSSION

This court reviews de novo whether an appellant's due process rights are violated because of post-trial delay. *Moreno*, 63 M.J. at 135 (citations omitted). In the absence of a due process violation, this court considers whether relief for excessive post-trial delay is warranted consistent with this court's authority under Article 66(d), UCMJ, 10 U.S.C. § 866(d). *See United States v. Tardif*, 57 M.J. 219, 225 (C.A.A.F. 2002); *United States v. Livak,* 80 M.J. 631, 633 (A.F. Ct. Crim. App. 2020); *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).

In *Moreno*, the United States Court of Appeals for the Armed Forces (CAAF) identified thresholds for facially unreasonable delay during three particular segments of the post-trial and appellate process. 63 M.J. at 141–43. Specifically, the CAAF established a presumption of facially unreasonable delay where: (1) the convening authority did not take action within 120 days of the completion of trial, (2) the record was not docketed with the Court of Criminal Appeals within 30 days of the convening authority's action, or (3) the Court of Criminal Appeals did not render a decision within 18 months of docketing. *Id*. at 142; *Livak*, 80 M.J. at 633.

---

S32594, 2019 CCA LEXIS 521, at *2–3 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.).

The due process right to timely post-trial and appellate review the CAAF recognized and sought to safeguard in *Moreno* endures under the new post-2019 procedures.[4] *Livak*, 80 M.J. at 633. However, as this court has noted,

> [A]dapting the *Moreno* analysis to the new rules will not be a simple matter of substituting the military judge's "entry of judgment"—or the convening authority's decision whether to take action on the trial results, or the certification or completion of the record of trial, or any other post-trial event—into the place of "convening authority action" within the *Moreno* framework for determining facially unreasonable delay.

*Id.* (alteration in original) (quoting *United States v. Moody-Neukom*, No. ACM S32594, 2019 CCA LEXIS 521, at *5 (A.F. Ct. Crim. App. 16 Dec. 2019) (per curiam) (unpub. op.)).

In the case before us, 54 days elapsed between the convening authority's decision on action and docketing of the case with this court, exceeding the *Moreno* standard by 24 days. However, as we explained in *Livak*, the specific requirement in *Moreno* that called for docketing to occur within 30 days of convening authority's action no longer prescribes our determination of unreasonable delay under the post-2019 procedural rules. 80 M.J. at 633. Nevertheless, we can still apply "the aggregate standard threshold the majority established in *Moreno*: 150 days from the day Appellant was sentenced to docketing with this court." *Id.* (citing *Moreno*, 63 M.J. at 142). "This 150-day threshold appropriately protects an appellant's due process right to timely post-trial and appellate review and is consistent with our superior court's holding in *Moreno*." *Id.* The entire period from the end of Appellant's trial to docketing with this court was 84 days. As this was well under the 150-day threshold discussed above, we find no facially unreasonable delay occurred and no violation of the Appellant's due process rights.

Assuming *arguendo* that there was a facially unreasonable delay from convening authority action to docketing, we assess whether there was a due process violation. In *Moreno*, the CAAF identified four factors to consider: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of his right to a timely review; and (4) prejudice to the appellant. 63 M.J. at 135 (citations omitted). "No single factor is required for finding a due process

---

[4] The offenses for which Appellant was found guilty and sentenced occurred on or about 19 May 2019, and the convening authority referred the charges and specifications to trial by special court-martial later in 2019. Accordingly, Appellant's court-martial is subject to the substantive provisions and sentencing procedures of the UCMJ and procedural provisions of the Rules for Courts-Martial provided for in the 2019 version of the Manual for Courts-Martial.

violation and the absence of a given factor will not prevent such a finding." *Id.* at 136. However, where an appellant has not shown prejudice from the delay, we cannot find a due process violation unless the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

Appellant acknowledges that in *Moreno* the CAAF identified three forms of prejudice resulting from post-trial processing delays: (1) oppressive incarceration; (2) particularized anxiety and concern; and (3) impairment of an appellant's ability to present a defense at a rehearing. 61 M.J. at 138–39 (citations omitted). Appellant asserts only that during the 24-day delay beyond the 30-day *Moreno* standard he "lost time to receive a decision from this Court." Appellant's five-day period of confinement concluded before he even informed the Government that he would not be submitting clemency matters, and well before the convening authority's decision on action and the court reporter's certification of the record of trial. His incarceration was neither oppressive nor extended by any delay. Moreover, Appellant has asserted no particularized anxiety or concern caused by the 54-day period between convening authority action and docketing with this court. Appellant contends he was harmed by "continued instability and lack of final determination in his case." Without more, such a general assertion is the antithesis of a *particularized* anxiety or concern. Finally, Appellant has not asserted that he has been or would be impaired in presenting a defense at a rehearing. We discern no prejudice.

Having found no prejudice, we have considered whether the 84-day period from trial to docketing with this court, including the 54-day period from the convening authority's decision on action until docketing, is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *Toohey*, 63 M.J. at 362. It is not.

Finally, recognizing our authority under Article 66(d), UCMJ, we have also considered whether relief for excessive post-trial delay is appropriate, even in the absence of a due process violation. *See Tardif*, 57 M.J. at 225. After considering the factors enumerated in *Gay*, 74 M.J. at 744, we conclude sentence relief is not appropriate.

### III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a)

and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court